IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

AUDIENCE OF ONE PRODUCTIONS, LLC,

    *Plaintiff*,

v.                                                          Case No. 3:16-cv-00795

IMPACT VENTURES, LLC f/k/a
TNA ENTERTAINMENT, LLC,

    Serve:  United States Corporation Agents, Inc.
                3903 Volunteer Drive
                Suite 200
                Chattanooga, Tennessee 37416-3860

DEAN BROADHEAD,

    Serve:  Dean Broadhead
                655 Watercolor Drive
                Sparta, Tennessee 38583-6688

RONALD DEAN HARRIS,

    Serve:  Ronald Dean Harris
                2210 Falcon Creek Drive
                Franklin, Tennessee 37067-4098

AROLUXE, LLC d/b/a
AROLUXE MARKETING,

    Serve:  Aroluxe, LLC
                5111 Maryland Way
                Suite 207
                Brentwood, Tennessee 37027-7513

    *Defendants*.

## ANSWER OF DEFENDANT IMPACT VENTURES, LLC f/k/a TNA ENTERTAINMENT LLC

Defendant, Impact Ventures, LLC f/k/a TNA Entertainment, LLC ("TNA"), makes the following answer and asserts the following affirmative defenses to Plaintiff's Complaint.

**FIRST DEFENSE**

The Complaint fails to state a cause of action against TNA upon which relief can be granted.

**SECOND DEFENSE**

The Complaint must be dismissed as to TNA pursuant to the equitable doctrines of payment, performance, accord and satisfaction, laches, waiver, estoppel, and failure of a condition precedent.

**THIRD DEFENSE**

Without admitting that Plaintiff suffered any damages, the Complaint must be dismissed to the extent Plaintiff has failed to mitigate its alleged damages.

**FOURTH DEFENSE**

TNA reserves the right to rely upon such other and further affirmative defenses as may be supported by the facts to be determined during discovery.

**FIFTH DEFENSE**

Defendant responds to the individually numbered paragraphs of the Complaint as follows:

1. In response to the averments of Paragraph 1, TNA lacks knowledge or information sufficient to form a belief as to the members of A01 such that it can determine whether total diversity exists and therefore denies the same. TNA requests proof as to the jurisdiction of A01, a limited liability company, and its various members.

2. In response to the averments of Paragraph 2, TNA admits that venue is proper in Richmond, Virginia. TNA, however, is without sufficient information or belief to form a belief

as to the members of A01 such that it can determine whether total diversity exists and therefore denies the same.

3.  TNA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 3, and therefore denies them.

4.  TNA admits the averments of Paragraph 4.

5.  TNA admits the averments of Paragraph 5.

6.  TNA admits the averments of Paragraph 6.

7.  TNA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 7, and therefore denies them.

8.  TNA admits the averments of Paragraph 8.

9.  TNA denies the averments of Paragraph 9.

10.  TNA denies the averments of Paragraph 10.

11.  TNA admits that it and Plaintiff entered into an Master Professional Services Agreement ("Agreement"). The remaining averments of Paragraph 11 reference a written document, which speaks for itself; TNA denies all characterizations of the written document contradictory or inconsistent with it.

12.  TNA denies the averments of Paragraph 12.

13.  TNA denies the averments of Paragraph 13.

14.  TNA admits the averments of Paragraph 14.

15.  TNA admits the averments of Paragraph 15.

16.  TNA denies the averments of Paragraph 16.

17.  TNA admits that an event, the BFG Event, was held on October 4, 2015. TNA denies the remaining averments of Paragraph 17.

18. In response to the averments of Paragraph 18, TNA admits that Plaintiff sent a final invoice in the amount of $288,930.04. TNA denies that it owes Plaintiff that money.

19. The averments of Paragraph 19 reference a written document, which speaks for itself; TNA denies all characterizations of the written document contradictory or inconsistent with it.

20. TNA denies that Broadhead made any false representations or that he intended to mislead Plaintiff. The remaining averments of Paragraph 20 reference a written document, which speaks for itself; TNA denies all characterizations of the written document contradictory or inconsistent with it.

21. In response to the averments of Paragraph 21, TNA admits that Plaintiff sent an invoice in the amount of $293,263.99. TNA denies that it owes Plaintiff that money.

22. TNA admits that it did not pay Plaintiff for the services it provided at the BFG Event. TNA denies the remaining averments of Paragraph 22.

23. The averments of Paragraph 23 reference a written document, which speaks for itself; TNA denies all characterizations of the written document contradictory or inconsistent with it.

24. TNA denies that Harris misrepresented any facts or information to Plaintiff. TNA admits that it is in continual discussions with various parties concerning upcoming shows. The remaining averments of Paragraph 24 reference a written document, which speaks for itself; TNA denies all characterizations of the written document contradictory or inconsistent with it.

25. In response to the averments of Paragraph 25, TNA admits that Plaintiff reduced the amount it claimed was owed by TNA because of payments TNA paid to independent contractors.

26. TNA denies the averments of Paragraph 26.

27. TNA denies the averments of Paragraph 27.

28. TNA denies the averments of Paragraph 28.

29. TNA denies the averments of Paragraph 29.

30. TNA denies the averments of Paragraph 30.

31. TNA admits that it entered into a repayment agreement with Plaintiff. The remaining averments of Paragraph 31 reference a written document, which speaks for itself; TNA denies all characterizations of the written document contradictory or inconsistent with it.

32. The averments of Paragraph 32 reference a written document, which speaks for itself; TNA denies all characterizations of the written document contradictory or inconsistent with it.

33. The averments of Paragraph 33 reference a written document, which speaks for itself; TNA denies all characterizations of the written document contradictory or inconsistent with it.

34. The averments of Paragraph 34 reference a written document, which speaks for itself; TNA denies all characterizations of the written document contradictory or inconsistent with it.

35. TNA admits the averments of Paragraph 35.

36. In response to the averments of Paragraph 36, TNA admits that it entered into a financing agreement with Aroluxe.

37. TNA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 37, and therefore, denies them.

38. TNA admits the averments of Paragraph 38.

39. TNA denies the averments of Paragraph 39.

40. TNA admits that it sent the 3.18.16 payment via FedEx, and that an accurate copy of the payment is attached as Exhibit 2. TNA denies the remaining averments of Paragraph 40.

41. TNA admits the averments of Paragraph 41.

42. TNA admits the averments of Paragraph 42.

43. TNA admits the averments of Paragraph 43.

44. TNA admits the averments of Paragraph 44.

45. TNA denies the averments of Paragraph 45.

46. TNA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 46, and therefore, denies them.

47. TNA denies the averments of Paragraph 47.

48. TNA admits the averments of Paragraph 48.

49. The averments of Paragraph 49 reference a written document, which speaks for itself; TNA denies all characterizations of the written document contradictory or inconsistent with it.

50. The averments of Paragraph 50 reference a written document, which speaks for itself; TNA denies all characterizations of the written document contradictory or inconsistent with it.

51. The averments of Paragraph 51 reference a written document, which speaks for itself; TNA denies all characterizations of the written document contradictory or inconsistent with it.

52. TNA incorporates its responses to Paragraphs 1-51 as if fully stated here.

53. The averments of Paragraph 53 reference a written document, which speaks for itself; TNA denies all characterizations of the written document contradictory or inconsistent with it.

54. TNA denies the averments of Paragraph 54.

55. The averments of Paragraph 55 reference a written document, which speaks for itself; TNA denies all characterizations of the written document contradictory or inconsistent with it.

56. TNA denies the averments of Paragraph 56.

57. TNA denies the averments of Paragraph 57.

58. TNA incorporates its responses to Paragraphs 1-57 as if fully stated here.

59. TNA denies the averments of Paragraph 59.

60. TNA denies the averments of Paragraph 60.

61. TNA denies the averments of Paragraph 61.

62. TNA denies the averments of Paragraph 62.

63. TNA denies the averments of Paragraph 63.

64. TNA denies the averments of Paragraph 64.

65. TNA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 65, and therefore, denies them.

66. TNA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 66, and therefore, denies them.

67. TNA denies the averments of Paragraph 67.

68. TNA incorporates its responses to Paragraphs 1-67 as if fully stated here.

69. TNA admits the averments of Paragraph 69.

70. TNA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 70, and therefore, denies them.

71. TNA admits the averments of Paragraph 71.

72. TNA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 72, and therefore, denies them.

73. The averments of Paragraph 73 reference written documents, which speak for themselves; TNA denies all characterizations of the written documents contradictory or inconsistent with them.

74. TNA denies the averments of Paragraph 74.

75. TNA lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 75, and therefore, denies them.

76. TNA denies the averments of Paragraph 76.

77. TNA denies the averments of Paragraph 77.

78. TNA denies the averments of Paragraph 78.

79. TNA incorporates its responses to Paragraphs 1-78 as if fully stated here.

80. TNA admits that the Harris Brothers used tnawrestling.com email accounts, but denies the remaining averments of Paragraph 80.

81. TNA denies the averments of Paragraph 81.

82. TNA denies the averments of Paragraph 82.

83. TNA denies the averments of Paragraph 83.

84. TNA denies the averments of Paragraph 84.

85. TNA denies the averments of Paragraph 85.

86. TNA denies the averments of Paragraph 86.

87. TNA denies the Plaintiff is entitled to the relief requested or any relief whatsoever.

88. TNA denies each and every averment not expressly admitted above.

WHEREFORE, having fully answered the averments of Paragraphs 1 through 86 of Plaintiff's Complaint, TNA demands that the same be dismissed with prejudice, with costs taxed to Plaintiff.

                                        IMPACT VENTURES, LLC, F/K/A
                                        TNA ENTERTAINMENT, LLC

                                        By: /s/ Jonathan M. Sumrell
                                                   Of Counsel

Kimberly W. Daniel, VSB #35616
Jonathan M. Sumrell, VSB #79123
Hancock, Daniel, Johnson and Nagle, P.C.
4701 Cox Road, Suite 400
Glen Allen, VA 23060
Telephone: (804) 967-9604
Fax: (804) 967-9888
kdaniel@hdjn.com
jsumrell@hdjn.com

Mark M. Bell (Tenn. BPR No. 029048)
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Phone: (615) 244-6380
Fax: (615) 244-6804
mark.bell@wallerlaw.com
*Pro hac vice pending*

*Counsel for Impact Ventures, LLC f/k/a TNA Entertainment, LLC*

# CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing **ANSWER** has been served with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record as listed below on this the 3rd day of November, 2016, upon the following:

  Stanley Abbott Roberts
  Alexandria Elizabeth Cuff
  MCGUIRE WOODS LLP
  900 East Canal Street
  Richmond, Virginia 23219
  sroberts@mcguirewoods.com
  acuff@mcguirewoods.com
*Attorney for Audience of One*

Mark Andrew Fulks
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
100 Med Tech Parkway
Suite 200
Johnson City, Tennessee 37604
mfulks@bakerdonelson.com
*Attorney Defendants Aroluxe and Harris*

            /s/ Jonathan M. Sumrell
            Jonathan M. Sumrell, VSB #79123
            Hancock, Daniel, Johnson and Nagle, P.C.
            4701 Cox Road, Suite 400
            Glen Allen, VA 23060
            Telephone: (804) 967-9604
            Fax: (804) 967-9888
            jsumrell@hdjn.com
            *Counsel for Impact Ventures, LLC f/k/a*
            *TNA Entertainment, LLC*