**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

AUDIENCE OF ONE PRODUCTIONS, LLC,

    *Plaintiff*,

v.                                                           Case No. 3:16-cv-00795

IMPACT VENTURES, LLC f/k/a
TNA ENTERTAINMENT, LLC,

    Serve:  United States Corporation Agents, Inc.
                3903 Volunteer Drive
                Suite 200
                Chattanooga, Tennessee  37416-3860

DEAN BROADHEAD,

    Serve:  Dean Broadhead
                655 Watercolor Drive
                Sparta, Tennessee  38583-6688

RONALD DEAN HARRIS,

    Serve:  Ronald Dean Harris
                2210 Falcon Creek Drive
                Franklin, Tennessee 37067-4098

AROLUXE, LLC d/b/a
AROLUXE MARKETING,

    Serve:  Aroluxe, LLC
                5111 Maryland Way
                Suite 207
                Brentwood, Tennessee  37027-7513

    *Defendants*.

**ANSWER OF DEFENDANT DEAN BROADHEAD**

Defendant, Dean Broadhead ("Broadhead"), makes the following answer and asserts the following affirmative defenses to Plaintiff's Complaint.

4837-5928-4795.1

## FIRST DEFENSE

The Complaint fails to state a cause of action against Broadhead upon which relief can be granted.

## SECOND DEFENSE

The Complaint must be dismissed as to Broadhead pursuant to the equitable doctrines of payment, performance, accord and satisfaction, laches, waiver, estoppel, and failure of a condition precedent.

## THIRD DEFENSE

Without admitting that Plaintiff suffered any damages, the Complaint must be dismissed to the extent Plaintiff has failed to mitigate its alleged damages.

## FOURTH DEFENSE

This Court lacks personal jurisdiction over Broadhead. He is not a resident of Virginia; is not subject to the general jurisdiction of Virginia; and has not affirmatively availed himself of Virginia's jurisdiction in this matter.

## FIFTH DEFENSE

Broadhead reserves the right to rely upon such other and further affirmative defenses as may be supported by the facts to be determined during discovery.

## SIXTH DEFENSE

Defendant responds to the individually numbered paragraphs of the Complaint as follows:

1. In response to the averments of Paragraph 1, Broadhead lacks knowledge or information sufficient to form a belief as to the members of A01 such that he can determine

whether total diversity exists and therefore denies the same. Broadhead requests proof as to the jurisdiction of A01, a limited liability company, and its various members.

2. In response to the averments of Paragraph 2, Broadhead admits that venue is proper in Richmond, Virginia. Broadhead, however, is without sufficient information or belief to form a belief as to the members of A01 such that it can determine whether total diversity exists and therefore denies the same.

3. Broadhead lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 3, and therefore denies them.

4. Broadhead admits the averments of Paragraph 4.

5. Broadhead admits the averments of Paragraph 5.

6. Broadhead admits the averments of Paragraph 6.

7. Broadhead lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 7, and therefore denies them.

8. Broadhead admits the averments of Paragraph 8.

9. Broadhead denies the averments of Paragraph 9.

10. Broadhead denies the averments of Paragraph 10.

11. Broadhead admits that TNA and Plaintiff entered into a Master Professional Services Agreement ("Agreement"). The remaining averments of Paragraph 11 reference a written document, which speaks for itself; Broadhead denies all characterizations of the written document contradictory or inconsistent with it.

12. Broadhead denies the averments of Paragraph 12.

13. Broadhead denies the averments of Paragraph 13.

14. Broadhead admits the averments of Paragraph 14.

15. Broadhead admits the averments of Paragraph 15.

16. Broadhead denies the averments of Paragraph 16.

17. Broadhead admits that an event, the BFG Event, was held on October 4, 2015. Broadhead denies the remaining averments of Paragraph 17.

18. In response to the averments of Paragraph 18, Broadhead admits that Plaintiff sent a final invoice in the amount of $288,930.04. Broadhead denies that TNA owes Plaintiff that money.

19. The averments of Paragraph 19 reference a written document, which speaks for itself; Broadhead denies all characterizations of the written document contradictory or inconsistent with it.

20. Broadhead denies that he made any false representations or that he intended to mislead Plaintiff. The remaining averments of Paragraph 20 reference a written document, which speaks for itself; Broadhead denies all characterizations of the written document contradictory or inconsistent with it.

21. In response to the averments of Paragraph 21, Broadhead admits that Plaintiff sent an invoice in the amount of $293,263.99 to TNA.

22. Broadhead admits that TNA did not pay Plaintiff for the services it provided at the BFG Event. Broadhead denies the remaining averments of Paragraph 22.

23. The averments of Paragraph 23 reference a written document, which speaks for itself; Broadhead denies all characterizations of the written document contradictory or inconsistent with it.

24. Broadhead denies that Harris misrepresented any facts or information to Plaintiff. Broadhead admits that he and TNA are in continual discussions with various parties concerning

upcoming shows. The remaining averments of Paragraph 24 reference a written document, which speaks for itself; Broadhead denies all characterizations of the written document contradictory or inconsistent with it.

25. In response to the averments of Paragraph 25, Broadhead admits that Plaintiff reduced the amount it claimed was owed by TNA because of payments TNA paid to independent contractors.

26. Broadhead denies the averments of Paragraph 26.

27. Broadhead denies the averments of Paragraph 27.

28. Broadhead denies the averments of Paragraph 28.

29. Broadhead denies the averments of Paragraph 29.

30. Broadhead denies the averments of Paragraph 30.

31. Broadhead admits that TNA entered into a repayment agreement with Plaintiff. The remaining averments of Paragraph 31 reference a written document, which speaks for itself; Broadhead denies all characterizations of the written document contradictory or inconsistent with it.

32. The averments of Paragraph 32 reference a written document, which speaks for itself; Broadhead denies all characterizations of the written document contradictory or inconsistent with it.

33. The averments of Paragraph 33 reference a written document, which speaks for itself; Broadhead denies all characterizations of the written document contradictory or inconsistent with it.

34. The averments of Paragraph 34 reference a written document, which speaks for itself; Broadhead denies all characterizations of the written document contradictory or inconsistent with it.

35. Broadhead admits the averments of Paragraph 35.

36. In response to the averments of Paragraph 36, Broadhead admits that TNA entered into a financing agreement with Aroluxe.

37. Broadhead lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 37, and therefore, denies them.

38. Broadhead admits the averments of Paragraph 38.

39. Broadhead denies the averments of Paragraph 39.

40. Broadhead admits that TNA sent the 3.18.16 payment via FedEx, and that an accurate copy of the payment is attached as Exhibit 2. Broadhead denies the remaining averments of Paragraph 40.

41. Broadhead admits the averments of Paragraph 41.

42. Broadhead admits the averments of Paragraph 42.

43. Broadhead admits the averments of Paragraph 43.

44. Broadhead admits the averments of Paragraph 44.

45. Broadhead denies the averments of Paragraph 45.

46. Broadhead lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 46, and therefore, denies them.

47. Broadhead denies the averments of Paragraph 47.

48. Broadhead admits the averments of Paragraph 48.

49. The averments of Paragraph 49 reference a written document, which speaks for itself; Broadhead denies all characterizations of the written document contradictory or inconsistent with it.

50. The averments of Paragraph 50 reference a written document, which speaks for itself; Broadhead denies all characterizations of the written document contradictory or inconsistent with it.

51. The averments of Paragraph 51 reference a written document, which speaks for itself; Broadhead denies all characterizations of the written document contradictory or inconsistent with it.

52. Broadhead incorporates his responses to Paragraphs 1-51 as if fully stated here.

53. The averments of Paragraph 53 reference a written document, which speaks for itself; Broadhead denies all characterizations of the written document contradictory or inconsistent with it.

54. Broadhead denies the averments of Paragraph 54.

55. The averments of Paragraph 55 reference a written document, which speaks for itself; Broadhead denies all characterizations of the written document contradictory or inconsistent with it.

56. Broadhead denies the averments of Paragraph 56.

57. Broadhead denies the averments of Paragraph 57.

58. Broadhead incorporates his responses to Paragraphs 1-57 as if fully stated here.

59. Broadhead denies the averments of Paragraph 59.

60. Broadhead denies the averments of Paragraph 60.

61. Broadhead denies the averments of Paragraph 61.

62. Broadhead denies the averments of Paragraph 62.

63. Broadhead denies the averments of Paragraph 63.

64. Broadhead denies the averments of Paragraph 64.

65. Broadhead lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 65, and therefore, denies them.

66. Broadhead lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 66, and therefore, denies them.

67. Broadhead denies the averments of Paragraph 67.

68. Broadhead incorporates his responses to Paragraphs 1-67 as if fully stated here.

69. Broadhead admits the averments of Paragraph 69.

70. Broadhead lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 70, and therefore, denies them.

71. Broadhead admits the averments of Paragraph 71.

72. Broadhead lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 72, and therefore, denies them.

73. The averments of Paragraph 73 reference written documents, which speak for themselves; Broadhead denies all characterizations of the written documents contradictory or inconsistent with them.

74. Broadhead denies the averments of Paragraph 74.

75. Broadhead lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 75, and therefore, denies them.

76. Broadhead denies the averments of Paragraph 76.

77. Broadhead denies the averments of Paragraph 77.

78. Broadhead denies the averments of Paragraph 78.

79. Broadhead incorporates his responses to Paragraphs 1-78 as if fully stated here.

80. Broadhead admits that the Harris Brothers used tnawrestling.com email accounts, but denies the remaining averments of Paragraph 80.

81. Broadhead denies the averments of Paragraph 81.

82. Broadhead denies the averments of Paragraph 82.

83. Broadhead denies the averments of Paragraph 83.

84. Broadhead denies the averments of Paragraph 84.

85. Broadhead denies the averments of Paragraph 85.

86. Broadhead denies the averments of Paragraph 86.

87. Broadhead denies the Plaintiff is entitled to the relief requested or any relief whatsoever.

88. Broadhead denies each and every averment not expressly admitted above.

WHEREFORE, having fully answered the averments of Paragraphs 1 through 86 of Plaintiff's Complaint, Broadhead demands that the same be dismissed with prejudice, with costs taxed to Plaintiff.

                                              DEAN BROADHEAD

                                              By: /s/ Jonathan M. Sumrell
                                                        Of Counsel

Kimberly W. Daniel, VSB #35616
Jonathan M. Sumrell, VSB #79123
Hancock, Daniel, Johnson and Nagle, P.C.
4701 Cox Road, Suite 400
Glen Allen, VA 23060
Telephone: (804) 967-9604
Fax: (804) 967-9888
kdaniel@hdjn.com
jsumrell@hdjn.com

4837-5928-4795.1

Mark M. Bell (Tenn. BPR No. 029048)
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, Tennessee  37219
Phone:  (615) 244-6380
Fax:   (615) 244-6804
mark.bell@wallerlaw.com
*Pro hac vice pending*

*Counsel for Defendant Dean Broadhead*

4837-5928-4795.1


## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing **ANSWER** has been served with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record as listed below on this the 3rd day of November, 2016, upon the following:

Stanley Abbott Roberts
Alexandria Elizabeth Cuff
MCGUIRE WOODS LLP
900 East Canal Street
Richmond, Virginia 23219
sroberts@mcguirewoods.com
acuff@mcguirewoods.com
*Attorney for Audience of One*

Mark Andrew Fulks
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
100 Med Tech Parkway
Suite 200
Johnson City, Tennessee 37604
mfulks@bakerdonelson.com
*Attorney Defendants Aroluxe and Harris*

                                           /s/ Jonathan M. Sumrell
                                           Jonathan M. Sumrell, VSB #79123
                                           Hancock, Daniel, Johnson and Nagle, P.C.
                                           4701 Cox Road, Suite 400
                                           Glen Allen, VA 23060
                                           Telephone: (804) 967-9604
                                           Fax: (804) 967-9888
                                           jsumrell@hdjn.com
                                           *Counsel for Defendant Dean Broadhead*

4837-5928-4795.1