IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| AUDIENCE OF ONE PRODUCTIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No. 3:16-cv-795 |
| IMPACT VENTURES, LLC f/k/a TNA | ) |
| ENTERTAINMENT, LLC; DEAN | ) |
| BROADHEAD; RONALD DEAN HARRIS; | ) |
| and AROLUXE, LLC d/b/a AROLUXE | ) |
| MARKETING, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**REPLY IN SUPPORT OF MOTION TO DISMISS**

In an attempt to make up for the shortcomings in its own Complaint, Plaintiff Audience of One Productions, LLC ("Plaintiff") devotes a significant amount of its Memorandum in Opposition to the Motion to Dismiss for Lack of Personal Jurisdiction ("Plaintiff's Brief"), ECF No. 23, to focus on various articles from "wrestling press and related blogs and online posts." However, because Plaintiff has not plead requisite facts or submitted proof necessary to carry its burden in proving a jurisdictional basis, the Court must dismiss Defendants Ronald Dean Harris ("Harris") and Aroluxe, LLC d/b/a Aroluxe Marketing ("Aroluxe") (collectively, the "Aroluxe Defendants") from this lawsuit.

**INTRODUCTION**

As noted throughout both the Memorandum of Law in Support of Motion to Dismiss filed by the Aroluxe Defendants ("Defendants' Brief") and Plaintiff's Brief, the issue before the Court is whether or not it has personal jurisdiction over Harris, a resident and citizen of Tennessee, and Aroluxe, a Tennessee limited liability company. To support the Aroluxe

Defendants' Brief, Harris submitted an affidavit ("Harris Affidavit") stating that he (1) is a citizen of Tennessee, (2) is not a party to the agreement between Plaintiff and Defendant Impact Ventures, LLC f/k/a TNA Entertainment, LLC ("TNA"), and (3) did not travel to the Commonwealth of Virginia at any time relevant to the Complaint. Harris Affidavit, ECF No. 16-1. Jason Brown ("Brown"), founder of Aroluxe, submitted a similar declaration ("Brown Declaration"), stating that Aroluxe, among other things, (1) does not conduct business in Virginia, (2) does not maintain offices, employees, or real property in Virginia, and (3) does not conduct significant business transactions or derive any revenue from services in Virginia. Brown Declaration, ECF No. 16-2.

Plaintiff's Brief in Opposition sets forth two arguments: first, that the Aroluxe Defendants are subject to the Court's jurisdiction based on Plaintiff's claim for business conspiracy under Va. Code § 18.2-499; and second, that the Aroluxe Defendants each have sufficient minimum contacts with the Commonwealth of Virginia to exercise jurisdiction. *See generally* Plaintiff's Brief at 10-18. Because neither theory is supported by Plaintiff's Complaint or the evidence submitted, the Court cannot exercise jurisdiction over the Aroluxe Defendants.

## STANDARD OF REVIEW

When a district court decides a pretrial personal jurisdiction dismissal motion without an evidentiary hearing, the plaintiff bears the burden of proving a *prima facie* case of personal jurisdiction over each defendant. *Mylan Labs, Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993). However, if the court conducts an evidentiary hearing, plaintiff is required to prove grounds for jurisdiction by a preponderance of the evidence. *Id.* (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).

# ARGUMENT

## I. Plaintiff's Co-Conspirator Theory

Plaintiff argues that the Aroluxe Defendants are subject to "the conspiracy theory of personal jurisdiction." *Id.* at 10. Citing *St. Paul Fire & Marine Ins. Co. v. Hoskins*, No. 5:10-cv-00087, 2011 WL 1897683 (W.D. Va. May 18, 2011), Plaintiff specifically asserts that its claim of a business conspiracy under Virginia Code § 18.2-499 provides the jurisdictional hook requiring the Aroluxe Defendants to defend the Complaint in Virginia. Plaintiff's Brief at 10-14. However, the findings in that opinion clearly illustrate the difference between the facts pleaded in *St. Paul Fire* and Plaintiff's Complaint.

Unlike the present case, in *St. Paul Fire*, the court noted that the plaintiff had pleaded "with sufficient and particular detail" that the defendants had engaged in a conspiracy. 2011 WL 1897683, at *1. Specifically, the plaintiff alleged (1) the purposeful concealment of one defendant's relationship with another in a conflict report mailed to Virginia; (2) one defendant's fraudulent signature in a contract with the plaintiff's predecessor; and (3) that the defendants received more than $1 million for materials one defendant claimed to be valueless. *Id.* at *3. The court also noted the alleged conspiracy's connection to Virginia as "essential," specifically pointing to over four years of correspondence, including payments and invoices, sent by defendants to plaintiff's predecessor in Virginia. *Id.* Based on these facts, the court concluded it had possessed personal jurisdiction over the out-of-state defendants under a civil conspiracy theory. *Id.* at *3-4.

Here, Plaintiff's Complaint falls well short of the specific findings noted in *St. Paul Fire*. Plaintiff primarily relies on the allegation that "the Harris Brothers were wearing two alternative hats during the relevant period of the Complaint." *See* Plaintiff's Brief at 13; Complaint at ¶ 80.

Plaintiff surmises that the Aroluxe Defendants "reached an agreement to continue dodging AO1's collection efforts." *See* Plaintiff's Brief at 13; Complaint at ¶ 83. Yet Plaintiff cannot supply any specific facts beyond mere conclusory statements to identify the alleged conspiracy. Indeed, Plaintiff concedes that it must "make a threshold showing . . . that a conspiracy existed and that the defendants participated therein." Plaintiff's Brief at 11 (quoting *McLaughlin v. McPhail*, 707 F.2d 800, 807 (4th Cir. 1983)). But a closer look at Plaintiff's argument reveals a mere recycling of the same unsupported and conclusory statements found in the Complaint. *Compare* Plaintiff's Brief at 13 *with* Complaint at ¶¶ 80-85. Unfortunately for Plaintiff, this Court has held that similar conclusory statements and broad allegations are insufficient to support a claim for statutory business conspiracy. *See Gov't Employees Ins. Co. v. Google, Inc.*, 330 F. Supp. 2d 700, 706 (E.D. Va. 2004) (dismissing claim for statutory business conspiracy) ("However, business conspiracy, like fraud, must be pleaded with particularly, and with more than 'mere conclusory language.'") (quoting *Bay Tobacco, LLC v. Bell Quality Tobacco Products, LLC*, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003)). Accordingly, Plaintiff's attempt to parallel *St. Paul Fire* with the instant case is unpersuasive.

Instead, the Court should look to well-established Fourth Circuit law, including the *McLaughlin* case cited to by Plaintiff. 707 F.2d 800. In *McLaughlin*, the Fourth Circuit upheld the district court's decision to dismiss defendants for lack of personal jurisdiction and rejected plaintiff's attempts to compel testimony under the "conspiracy theory" of jurisdiction. *Id.* at *807. The Fourth Circuit affirmed the district court's decision because the plaintiff, even after submitting "documentary evidence," could not make a *prima facie* showing of a conspiracy. *Id.*

The Fourth Circuit decision of *Lolavar v. de Santibanes*, 430 F.3d 221 (4th Cir. 2005), is also instructive. In *Lolavar*, plaintiff sued multiple defendants in a civil action in this Court,

asserting claims for breach of contract, defamation, and conspiracy. One defendant made a motion to dismiss for lack of personal jurisdiction, and filed an affidavit stating that he had essentially no contacts with Virginia, including that he had never resided in Virginia, did not own any property in the State, did not receive income from business operations in the State, and had never sent or received correspondence from Virginia. *Id.* at 226. The *Lolavar* plaintiff did not contest the affidavit and this Court subsequently dismissed the defendant. *Id.* at 227. On appeal, the Fourth Circuit affirmed, stating that the plaintiff presented "no facts" as to "Virginia contacts." *Id.* at 230 (citing *First Chicago Int'l v. United Exchange Co., Ltd.*, 836 F.2d 1375 (D.C. Cir. 1988)). The *Lolavar* opinion provides highly-relevant guidance on the standard Plaintiff must prove to succeed on its co-conspirator theory, namely that it must make a *plausible* claim (1) that a conspiracy existed; (2) that all four defendants participated in the conspiracy; and (3) that a co-conspirator's activities in furtherance of the conspiracy had sufficient contacts with Virginia to subject that conspirator to jurisdiction in Virginia. 430 F.3d at 229.

Here, it is clear that Plaintiff has failed to plead facts outside of conclusory statements and broad allegations as to its business conspiracy claim. Even assuming for the sake of argument that Plaintiff could make a *prima facie* case of jurisdiction over Defendants TNA and Dean Broadhead ("Broadhead") (collectively, the "TNA Defendants"), such would not be sufficient to establish jurisdiction over the Aroluxe Defendants because Plaintiff has set forth no evidence showing a "common plan" among all defendants.[1] *See Lolavar*, 430 F.2d at 230 (citing

---

[1] According to the Fourth Circuit, a personal jurisdiction challenge under Rule 12(b)(2) is one for the judge with the burden on the plaintiff to ultimately prove the existence of a ground for jurisdiction by preponderance of the evidence. *Combs*, 886 F.2d at 676. "If the existence of jurisdiction turns on disputed factual questions, the court may resolve the challenge on the basis of a separate evidentiary hearing, . . ." *Id.* But when the court addresses the question on the basis "only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient

*United Exchange Co.*, 836 F.2d at 1378). To accept Plaintiff's argument, in light of the Harris Affidavit and Brown Declaration, would essentially allow a plaintiff to establish jurisdiction over a non-resident defendant by simply pleading bare allegations of a business conspiracy. This is not the law. *See FireClean, LLC v. Tuohy*, No. 1:16-cv-0294, 2016 WL 3952093, at *8 (E.D. Va. July 21, 2016) ("Bare allegations, facts amounting to only a 'logical possibility,' or a theory of conspiracy that is 'based on inferences that are not fairly and justly drawn from the facts alleged,' are not sufficient" to plead the existence of a conspiracy) (internal citations omitted).

Even under a conspiracy theory of jurisdiction, a plaintiff must allege facts indicating that the defendant knew or should have known that a co-conspirator was acting in the forum state and had a reasonable expectation that it could be brought into court in that state. *Project Honey Pot v. John Does*, No. 1:11CV15 LMB/JFA, 2012 WL 1854184, at *6 (E.D. Va. May 21, 2012). This, Plaintiff has not done. Plaintiff's anemic conspiracy allegations fall woefully short of the heightened pleading standard required of business conspiracy claims, a standard necessary to "prevent[] every business dispute over unfair competition [from] becoming a business conspiracy claim." *Google, Inc.*, 330 F. Supp. 2d at 706; *see also Unspam Techs., Inc. v. Chernuk*, 716 F.3d 322, 330 (4th Cir. 2013) ("the plaintiffs' allegations of conspiracy are conclusory and speculative and do not satisfy the requirements for establishing a conspiracy theory of personal jurisdiction"). Because Plaintiff's arguments do not suffice to allege a plausible conspiracy, Plaintiff's "conspiracy theory" of personal jurisdiction must be rejected.

## II. Traditional Inquiry

Plaintiff's second argument, that the Aroluxe Defendants are subject to the Court's personal jurisdiction under the traditional analysis, is similarly unconvincing. Not only do the

---

jurisdictional basis." *Id.* Thus, it is unclear as to whether facts found in the Answer filed by the TNA Defendants may be considered in this inquiry.

Aroluxe Defendants lack minimum contacts under the traditional analysis, but also do not satisfy well-established Fourth Circuit law under the effects test, as argued by Plaintiff. Accordingly, Plaintiff's bid for jurisdiction under the traditional analysis must be rejected.

The Fourth Circuit has "synthesized" the due process requirements for asserting specific personal jurisdiction in a three part test in which the court considers (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable. *See ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002). All three prongs must be satisfied, in turn, for a court to assert jurisdiction. *See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs, Inc.*, 334 F.3d 390, 397 (4th Cir. 2003). To satisfy the constitutional due process requirement, a defendant must have sufficient "minimum contacts" with the forum state such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

### A. Purposeful Availment

As set forth in *Consulting Engineers Corp. v. Geometric Ltd.*, the first prong addresses the extent of the defendant's purposeful availment of the privilege of conducting business under the laws of the forum state. 561 F.3d 273 (4th Cir. 2009). In considering this prong, courts address "various nonexclusive factors" including:

- whether the defendant maintains offices or agents in the forum state;
- whether the defendant owns property in the forum state;
- whether the defendant reached into the forum state to solicit or initiate business;
- whether the defendant deliberately engaged in significant or long-term business activities in the forum state;

- whether the parties contractually agreed that the law of the forum state would govern disputes;

- whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship;

- the nature, quality and extent of the parties' communications about the business being transacted; and

- whether the performance of contractual duties was to occur within the forum.

*Id.* Here, the Harris Affidavit and Brown Declaration clearly establish that neither of the Aroluxe Defendants has purposefully availed itself of the privilege of conducting business in Virginia. In fact, Plaintiff's argument solely relies on the unsupported assumption that Harris was acting as an agent for Aroluxe. But when viewed in light of the factors set forth above, the strongest argument presented by Plaintiff is that Harris engaged in "significant" communications, including emails on which Harris was copied, with Plaintiff. *See* Plaintiff's Brief at 16. Assuming for the sake of argument that this assertion is true, such fact is inconsequential when compared to the other factors outlined by the Fourth Circuit. Notably, as set forth in the Brown Declaration, Aroluxe (1) does not maintain offices in Virginia; (2) does not own property in Virginia; (3) does not transact or solicit business in Virginia; and (4) does not deliberately engage in significant or long-term business activities in Virginia. *See* Brown Declaration at ¶¶ 2-9. Nor has Plaintiff set forth evidence contradicting such facts.[2] Accordingly, Plaintiff cannot satisfy the first prong of the test, a flaw fatal to its claim for jurisdiction. *See Consulting Engineers*, 561 F.3d at 278 ("If, and only if, we find that the plaintiff has satisfied this first prong of the test for specific jurisdiction need we move on to a consideration of prongs two and three.").

---

[2] "For purposes of a motion to dismiss, the reviewing court may presume that any uncontradicted evidence submitted by either party is true." *See Bay Tobacco*, 261 F. Supp. 2d at 492.

### B. Claims Arising out of Activities Directed at Forum State

Even if Plaintiff could succeed in proving that the Aroluxe Defendants purposefully availed themselves in Virginia, Plaintiff cannot succeed on the second prong of the jurisdictional inquiry. Plaintiff avers that the second prong of the test is satisfied "if substantial correspondence and collaboration between the parties, one of which is based in the forum state, forms an important part of the claim." Plaintiff's Brief at 16-17 (citing *Tire Engineering & Dist., LLC v. Shandong Linglong Rubber Co., Ltd.*, 682 F.3d 292, 303 (4th Cir. 2012)). Yet, in *Tire Engineering*, the Fourth Circuit found that the defendant's "visit to Virginia 'was the genesis of [the] dispute'" because the defendant company had sent its chairman to Virginia to discuss entry into the mining-tire business, after which the chairman (1) obtained blueprints, a customer list, and cost information; (2) hired an employee in Virginia; and (3) opened a satellite office in Tazewell, Virginia. *Id.* at 304 (quoting *CFA Institute v. Institute of Charter Financial Analysis of India*, 551 F.3d 285 (4th Cir. 2009)).

Here, Plaintiff has failed to aver similar facts -- a clear indication that the "genesis" of the dispute is not Virginia. *See* Complaint at ¶¶ 8-18. Defendant Harris did not visit Virginia during the relevant time period. *See* Harris Affidavit at ¶ 5. Defendant Aroluxe has essentially no presence in Virginia. *See* Brown Declaration at ¶¶ 2-9. Therefore, any attempt to parallel the Plaintiff's Complaint with the facts in *Tire Engineering* proves inadequate. Moreover, to the extent that Plaintiff alleges an "agreement" between the Defendants as a basis for its business conspiracy claim, it stands to reason that such hypothetical communications did not occur in Virginia, as all Defendants are citizens and residents or limited liability companies based in Tennessee.[3] *See* Complaint at ¶¶ 4-8, 83-84. Because Plaintiff's claims did not "arise out of

---

[3] Nor has Plaintiff alleged that any such communications occurred in Virginia.

those activities directed" at the Commonwealth of Virginia, it cannot satisfy the second prong of the test.

### C. Constitutionally Reasonable

Further, the exercise of personal jurisdiction over the Aroluxe Defendants is not "constitutionally reasonable." In this third prong of the test, the Fourth Circuit considers five factors to "ensure the appropriateness of the forum" once it has determined that a defendant has purposefully availed itself of the privilege of doing business there, including:

- the burden on the defendant of litigating in the forum;
- the interest of the forum state in adjudicating the dispute;
- the plaintiff's interest in obtaining convenient and effective relief;
- the shared interest of the states in obtaining efficient resolution of the disputes; and
- the interests of the states in furthering substantive social policies;

*Consulting Engineers*, 561 F.3d at 279.

Plaintiff concedes that the Aroluxe Defendants will "admittedly face a greater burden litigating in Virginia than [Plaintiff] will." Plaintiff's Brief at 17. Yet, Plaintiff implies that the exercise of jurisdiction over the Aroluxe Defendants is constitutionally reasonable because "it was reasonably foreseeable" that the Aroluxe Defendants could be subject to suit in Virginia. *See* Plaintiff's Brief at 17 (citing *English Boiler & Tube, Inc. v. Glex Inc.*, No. 3:12cv88-DJN, 2012 WL 2131895, at *7 (E.D. Va. June 12, 2012)). This argument is unsupported by the facts, as Aroluxe has essentially no presence in Virginia and Defendant Harris did not visit Virginia during the relevant time period. *Compare* Harris Affidavit at ¶ 5 and Brown Declaration at ¶¶ 2-9 *with English Boiler*, 2012 WL 2131895, at *8 ("[defendant] has repeatedly turned to a Virginia supplier to provide highly expensive and intricate custom machinery"). Therefore, it was not

"reasonably foreseeable" that the Aroluxe Defendants would be required to defend themselves in a Virginia lawsuit. *Cf. CFA Institute*, 551 F.3d at 296 ("And, in these circumstances, it was reasonably foreseeable to ICFAI that CFA Institute might initiate a lawsuit in Virginia. The CFA Institute is a Virginia entity, and ICFAI had repeatedly reached into the Commonwealth to transact business with it."); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (explaining that the minimum contacts test protects a defendant from having to defend himself in a forum where he should not have anticipated being sued). Because Plaintiff cannot prove the third prong of the constitutional analysis, its argument must be rejected.

### D. Effects Test

Plaintiff incorrectly conflates the "effects test" underlying its tort-based claims with the first prong of the constitutional test. *See* Plaintiff's Brief at 13-16. Yet, the Fourth Circuit has explained that the effects test "does not supplant the minimum contacts analysis, but rather informs it." *See Consulting Engineers*, 561 F.3d at 280-81. Under this test, a plaintiff must establish that specific jurisdiction is proper by showing that (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum, such that the forum can be said to be the focal point of the harm; and (3) the defendant expressly aimed his tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity. *Id.* at 280.

In *Consulting Engineers*, the Fourth Circuit rejected the plaintiff's bid for jurisdiction under the "effects test" simply because the plaintiff "suffered its economic injury *in Virginia*." *Id.* at 280 (emphasis in original). In its holding, the Fourth Circuit expressly stated that the Plaintiff had failed to demonstrate that the focal point of the alleged tortious activity was Virginia. *Id.* Here, Plaintiff attempts to distinguish *Consulting Engineers* by making the naked

assertion that "the focal point of the alleged tortuous [sic] activity was Virginia." *See* Plaintiff's Brief at 15. Yet, Plaintiff's Complaint fails to set forth facts establishing this, and Plaintiff can merely argue in its brief that "[Plaintiff], a Virginia Limited Liability Company, felt the brunt of this damage in Virginia, and Aroluxe, through two of its agents, the Harris Brothers, knew its actions were directed at [Plaintiff] in Virginia."[4] Again, the mere fact that Plaintiff suffered alleged injury in Virginia is not enough to pass the effects test: "Although the place the plaintiff feels the alleged injury is plainly relevant to the jurisdictional inquiry, it must ultimately be accompanied by the defendant's own contacts with the state if jurisdiction over the defendant is to be upheld." *Consulting Engineers*, 561 F.3d at 280-81 (quoting *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 626 (4th Cir. 1997)). Because Plaintiff cannot show that the Aroluxe Defendants "expressly" aimed their alleged tortious conduct at the forum "such that the forum can be said to be the focal point of the tortious activity," Plaintiff cannot establish jurisdiction under the effects test. *Consulting Engineers*, 561 F.3d at 280.

## CONCLUSION

For all the reasons set forth above, and in the Aroluxe Defendants' Brief, the Defendants Ronald Dean Harris and Aroluxe, LLC d/b/a Aroluxe Marketing respectfully request that this Court grant the Motion to Dismiss and issue an Order dismissing them from the Complaint for lack of personal jurisdiction.

Respectfully submitted,

/s/ *M.A. Fulks*
Mark A. Fulks
Baker, Donelson, Bearman,
 Caldwell & Berkowitz, P.C.
100 Med Tech Parkway, Suite 200
Johnson City, Tennessee 37604

---

[4] Notably, this allegation is not found in the Complaint.

T: (423) 928-0181
F: (423) 928-5694

Courtney H. Gilmer
Sye T. Hickey
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
T: (615) 726-5747
F: (615) 744-5747
cgilmer@bakerdonelson.com

Brendan D. O'Toole (VSB #71329)
Williams Mullen
Williams Mullen Center
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
T: (804) 420-6588
F: (804) 420-6507
botoole@williamsmullen.com

*Attorneys for Defendants Ronald Dean Harris and Aroluxe, LLC d/b/a Aroluxe Marketing*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of December, 2016, a copy of the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail, first-class postage prepaid. Parties may access this filing through the Court's electronic filing system.

Stanley A. Roberts, Esq.
Alexandria E. Cuff, Esq.
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
sroberts@mcguirewoods.com
acuff@mcguirewoods.com

*Attorneys for Plaintiff*

Kimberly W. Daniel, Esq.
Jonathan M. Sumrell, Esq.
Hancock, Daniel, Johnson and Nagle, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
jsumrell@hdjn.com

Mark M. Bell, Esq.
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
mark.bell@wallerlaw.com

*Attorneys for Defendants Impact Ventures, LLC f/k/a TNA Entertainment, LLC*

/s/ M.A. Fulks
Mark A. Fulks