**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| AUDIENCE OF ONE PRODUCTIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 3:16-cv-795 |
| ) | |
| IMPACT VENTURES, LLC f/k/a TNA ) | |
| ENTERTAINMENT, LLC; DEAN ) | |
| BROADHEAD; RONALD DEAN HARRIS; ) | |
| and AROLUXE, LLC d/b/a AROLUXE ) | |
| MARKETING, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ANSWER OF DEFENDANT RONALD DEAN HARRIS**

Defendant Ronald Dean Harris ("Harris") responds to Plaintiff Audience of One Productions, LLC's ("Plaintiff") Complaint as follows:

**AFFIRMATIVE AND OTHER DEFENSES**

For response to the Complaint filed against Harris in this case and pursuant to Rule 8 of the Federal Rules of Civil Procedure, Harris hereby asserts the following affirmative and other defenses.

**FIRST DEFENSE**

1.      Plaintiff's Complaint fails to state a claim against Harris upon which relief may be granted by this Court.

**SECOND DEFENSE**

2.      Harris asserts the defenses of estoppel, waiver, justification, privilege, absence of proper parties, unclean hands, and any other affirmative defense(s) available under Rule 8(c) of the Federal Rules of Civil Procedure and/or Tennessee or Virginia law.

**THIRD DEFENSE**

3.      Plaintiff's failure to mitigate its alleged damages, if any, constitutes a complete or partial bar to any recovery against Harris in this case.

**FOURTH DEFENSE**

4.      Harris hereby gives notice that it intends to rely on such other defenses that may become available or appear during proceedings in this matter.  Harris also reserves the right, and hereby moves the Court for permission to, amend his Answer and assert any such defenses, denials, and counterclaims merited by further investigation and discovery.

**FIFTH DEFENSE**

5.      As set forth in his Motion to Dismiss and the accompanying briefs and memoranda, Harris asserts that this Court does not have personal jurisdiction over him. Accordingly, Harris must be dismissed from this case pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

**SIXTH DEFENSE**

6.      Plaintiff's Complaint has failed to plead with particularity its alleged causes of action under Rule 9(b) of the Federal Rules of Civil Procedure.

**SEVENTH DEFENSE**

Defendant Harris responds to the individually numbered paragraphs of the Complaint as follows:

**JURISDICTION AND VENUE**

1.      Paragraph No. 1 contains a legal conclusion and therefore requires no response from Harris.  To the extent a response is required, Harris neither admits nor denies that this Court has subject matter jurisdiction over this matter and calls for strict proof thereof.

2.      Paragraph No. 2 contains a legal conclusion and therefore requires no response from Harris.  To the extent a response is required, Harris neither admits nor denies that venue in this Court is proper and calls for strict proof thereof.

## PARTIES

3.      Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 3 and therefore denies those allegations as to Harris.

4.      Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 4 and therefore denies those allegations as to Harris.

5.      Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 5 and therefore denies those allegations as to Harris.

6.      Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 6 and therefore denies those allegations as to Harris.

7.      Harris admits that he is an adult citizen residing at 2210 Falcon Creek Drive in Franklin, Tennessee 37067.  Harris denies that he is a principal of Defendant Aroluxe, LLC d/b/a Aroluxe Marketing.  Harris further denies that he is employed by Defendant Impact Ventures, LLC f/k/a TNA Entertainment, LLC ("TNA").  Harris denies the remaining allegations contained in Paragraph No. 7.

## FACTS

8.      Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 8 and therefore denies those allegations as to Harris.

9.      Harris admits that he had been a professional wrestler in the past and further states that he had assisted TNA with production work in the past.  Harris denies the remaining allegations contained in Paragraph No. 9.

10.     Harris denies the allegations contained in Paragraph No. 10.

11.     In response to Paragraph No. 11, Harris states that the document purporting to be the "MPS Agreement" speaks for itself and denies any statements inconsistent with its contents. Harris lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 11 and therefore denies those allegations as to Harris.

12.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 12 and therefore denies those allegations as to Harris.

13.     Harris denies the allegations contained in Paragraph No. 13.

14.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 14 and therefore denies those allegations as to Harris.

15.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 15 and therefore denies those allegations as to Harris.

16.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 16 and therefore denies those allegations as to Harris.

17.     Harris admits that the "BFG Event" as defined in Plaintiff's Complaint was held on or around October 4, 2015.  Harris denies the remaining allegations contained in Paragraph No. 17.

18.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 18 and therefore denies those allegations as to Harris.

19.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 19 and therefore denies those allegations as to Harris.

20.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 20 and therefore denies those allegations as to Harris.

21.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 21 and therefore denies those allegations as to Harris.

22.     Harris denies the allegations contained in Paragraph No. 22.

23.     Harris admits the allegations contained in Paragraph No. 23.

24.     Paragraph No. 24 references an email that speaks for itself and Harris denies any statements inconsistent with the email's contents.   To the extent a response is required, Harris denies the allegations contained in Paragraph No. 24, including purportedly misrepresenting any facts to Plaintiff.

25.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 25 and therefore denies those allegations as to Harris.

26.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 26 and therefore denies those allegations as to Harris.

27.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 27 and therefore denies those allegations as to Harris.

28.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 28 and therefore denies those allegations as to Harris.

29.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 29 and therefore denies those allegations as to Harris.

30.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 30 and therefore denies those allegations as to Harris.

31.     In response to Paragraph No. 31, Harris states that the document purporting to be the "Repayment Agreement" speaks for itself and denies any statements inconsistent with its

contents.  Harris lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 31 and therefore denies those allegations as to Harris.

32.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 32 and therefore denies those allegations as to Harris.  To the extent a response is required, Harris states that the document purporting to be the "Repayment Agreement" speaks for itself and denies any statements inconsistent with its contents.

33.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 33 and therefore denies those allegations as to Harris.  To the extent a response is required, Harris states that the document purporting to be the "Repayment Agreement" speaks for itself and denies any statements inconsistent with its contents.

34.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 34 and therefore denies those allegations as to Harris.  To the extent a response is required, Harris states that the document purporting to be the "Repayment Agreement" speaks for itself and denies any statements inconsistent with its contents.

35.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 35 and therefore denies those allegations as to Harris.

36.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 36 and therefore denies those allegations as to Harris.

37.     In response to Paragraph No. 37, Harris states that the public documents referred to in Paragraph No. 37 speak for themselves and denies any statements inconsistent with their contents.  Harris lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 37 and therefore denies those allegations as to Harris.

38.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 38 and therefore denies those allegations as to Harris.

39.     Harris denies the allegations in Paragraph No. 39.

40.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 40 and therefore denies those allegations as to Harris, including the "3.18.16 Payment."

41.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 41 and therefore denies those allegations as to Harris.

42.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 42 and therefore denies those allegations as to Harris.

43.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 43 and therefore denies those allegations as to Harris.

44.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 44 and therefore denies those allegations as to Harris.

45.     Harris denies the allegations contained in Paragraph No. 45.

46.     Harris denies the allegations contained in Paragraph No. 46.

47.     Harris denies the allegations contained in Paragraph No. 47.

48.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 48 and therefore denies those allegations as to Harris.

49.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 49 and therefore denies those allegations as to Harris.  To the extent a response is required, Harris states that the document purporting to be the "Repayment Agreement" speaks for itself and denies any statements inconsistent with its contents.

50.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 50 and therefore denies those allegations as to Harris.  To the extent a response is required, Harris states that the document purporting to be the "Repayment Agreement" speaks for itself and denies any statements inconsistent with its contents.

51.     Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph No. 51 and therefore denies those allegations as to Harris.  To the extent a response is required, Harris states that the document purporting to be the "Repayment Agreement" speaks for itself and denies any statements inconsistent with its contents.

## COUNT ONE: BREACH OF CONTRACT AGAINST TNA

52.     Harris hereby incorporates each of the preceding paragraphs as if fully set forth herein.

53.     The allegations contained in Paragraph No. 53 are directed toward Defendant Impact Ventures, LLC f/k/a TNA Entertainment, LLC and, as such, require no response from Harris.  To the extent a response is required, Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies those allegations as to Harris.

54.     The allegations contained in Paragraph No. 54 are directed toward Defendant Impact Ventures, LLC f/k/a TNA Entertainment, LLC and, as such, require no response from Harris.  To the extent a response is required, Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies those allegations as to Harris.

55.     The allegations contained in Paragraph No. 55 are directed toward Defendant Impact Ventures, LLC f/k/a TNA Entertainment, LLC and, as such, require no response from

Harris.  To the extent a response is required, Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies those allegations as to Harris.

56.     The allegations contained in Paragraph No. 56 are directed toward Defendant Impact Ventures, LLC f/k/a TNA Entertainment, LLC and, as such, require no response from Harris.  To the extent a response is required, Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies those allegations as to Harris.

57.     The allegations contained in Paragraph No. 57 are directed toward Defendant Impact Ventures, LLC f/k/a TNA Entertainment, LLC and, as such, require no response from Harris.  To the extent a response is required, Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies those allegations as to Harris.

## COUNT TWO: FRAUDULENT INDUCEMENT AGAINST DEAN BROADHEAD AND RON HARRIS

58.     Harris hereby incorporates each of the preceding paragraphs as if fully set forth herein.

59.     Harris denies the allegations in Paragraph No. 59.

60.     Harris denies the allegations in Paragraph No. 60.

61.     Harris denies the allegations in Paragraph No. 61.

62.     Harris denies the allegations in Paragraph No. 62.

63.     Harris denies the allegations in Paragraph No. 63.

64.     Harris denies the allegations in Paragraph No. 64.

65.     Harris denies the allegations in Paragraph No. 65.

66.    Harris denies the allegations in Paragraph No. 66.

67.    Harris denies the allegations in Paragraph No. 67.

## COUNT THREE: TORTIOUS INTERFERENCE WITH
## CONTRACTUAL RELATIONS AGAINST AROLUXE

68.    Harris hereby incorporates each of the preceding paragraphs as if fully set forth herein.

69.    The allegations contained in Paragraph No. 69 are directed toward Defendant Aroluxe, LLC d/b/a Aroluxe Marketing and, as such, require no response from Harris.  To the extent a response is required, Harris admits, upon information and belief, that Defendant Aroluxe, LLC d/b/a Aroluxe Marketing was not a party to the document purported to be the "Repayment Agreement."

70.    The allegations contained in Paragraph No. 70 are directed toward Defendant Aroluxe, LLC d/b/a Aroluxe Marketing and, as such, require no response from Harris.  To the extent a response is required, Harris denies the allegations in Paragraph No. 70.

71.    The allegations contained in Paragraph No. 71 are directed toward Defendant Aroluxe, LLC d/b/a Aroluxe Marketing and, as such, require no response from Harris.  To the extent a response is required, Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies those allegations as to Harris.

72.    The allegations contained in Paragraph No. 72 are directed toward Defendant Aroluxe, LLC d/b/a Aroluxe Marketing and, as such, require no response from Harris.  To the extent a response is required, Harris denies the allegations in Paragraph No. 72.

73.    The allegations contained in Paragraph No. 73 are directed toward Defendant Aroluxe, LLC d/b/a Aroluxe Marketing and, as such, require no response from Harris.  To the

extent a response is required, Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies those allegations as to Harris.

74.     The allegations contained in Paragraph No. 74 are directed toward Defendant Aroluxe, LLC d/b/a Aroluxe Marketing and, as such, require no response from Harris.  To the extent a response is required, Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies those allegations as to Harris.

75.     The allegations contained in Paragraph No. 75 are directed toward Defendant Aroluxe, LLC d/b/a Aroluxe Marketing and, as such, require no response from Harris.  To the extent a response is required, Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies those allegations as to Harris.

76.     The allegations contained in Paragraph No. 76 are directed toward Defendant Aroluxe, LLC d/b/a Aroluxe Marketing and, as such, require no response from Harris.  To the extent a response is required, Harris denies the allegations in Paragraph No. 76.

77.     The allegations contained in Paragraph No. 77 are directed toward Defendant Aroluxe, LLC d/b/a Aroluxe Marketing and, as such, require no response from Harris.  To the extent a response is required, Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies those allegations as to Harris.

78.     The allegations contained in Paragraph No. 78 are directed toward Defendant Aroluxe, LLC d/b/a Aroluxe Marketing and, as such, require no response from Harris.  To the

extent a response is required, Harris lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies those allegations as to Harris.

## COUNT FOUR: VIOLATION OF VA. CODE § 18.2-499
## AGAINST ALL DEFENDANTS

79.     Harris hereby incorporates each of the preceding paragraphs as if fully set forth herein.

80.     Harris admits that he had an existing relationship with TNA before TNA and AO1 ever discussed AO1 taking on TNA's production work.  Harris denies the remaining allegations in Paragraph No. 80.

81.     Harris denies the allegations in Paragraph No. 81.

82.     Harris denies the allegations in Paragraph No. 82.

83.     Harris denies the allegations in Paragraph No. 83.

84.     Harris denies the allegations in Paragraph No. 84.

85.     Harris denies the allegations in Paragraph No. 85.

86.     Harris denies the allegations in Paragraph No. 86.

Harris denies any and all allegations not otherwise responded to, above.

WHEREFORE, having fully answered the Complaint, Defendant Ronald Dean Harris prays that Plaintiff's Complaint be dismissed with prejudice and that all costs, including discretionary costs, be taxed to Plaintiff.  Defendant further prays that this Court award him any such relief the Court deems just and proper.

Respectfully submitted this 3rd day of January, 2017.

/s/ M.A. Fulks
Mark A. Fulks
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
100 Med Tech Parkway, Suite 200
Johnson City, Tennessee 37604
T: (423) 928-0181
F: (423) 928-5694
mfulks@bakerdonelson.com

Courtney H. Gilmer
Sye T. Hickey
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
T: (615) 726-5747
F: (615) 744-5747
cgilmer@bakerdonelson.com

Brendan D. O'Toole (VSB #71329)
Williams Mullen
Williams Mullen Center
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
T: (804) 420-6588
F: (804) 420-6507
botoole@williamsmullen.com

*Attorneys for Defendants Ronald Dean
Harris and Aroluxe, LLC d/b/a Aroluxe
Marketing*

### <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 3rd day of January, 2017, a copy of the foregoing **ANSWER OF DEFENDANT RONALD DEAN HARRIS** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail, first-class postage prepaid.  Parties may access this filing through the Court's electronic filing system.

Stanley A. Roberts, Esq.
Alexandria E. Cuff, Esq.
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
sroberts@mcguirewoods.com
acuff@mcguirewoods.com

*Attorneys for Plaintiff*

Kimberly W. Daniel, Esq.
Jonathan M. Sumrell, Esq.
Hancock, Daniel, Johnson and Nagle, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
jsumrell@hdjn.com

Mark M. Bell, Esq.
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
mark.bell@wallerlaw.com

*Attorneys for Defendants Impact Ventures, LLC f/k/a TNA Entertainment, LLC*

*/s/ M.A. Fulks*
Mark A. Fulks
